UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FERNANDO BUSTILLO,            )
                              )
              Plaintiff,      )
                              )
vs.                           )   No. 2:13-cv-262-JMS-WGH
                              )
J. F. CARAWAY, et al.,        )
                              )
              Defendants.     )

**Entry and Order Dismissing Action**

**I.**

Fernando Bustillo is confined at the Federal Correctional Complex ("FCC") in Terre Haute, Indiana. The FCC is a composite institution, consisting in part of the United States Penitentiary ("USP"). Bustillo has sued the Warden of the FCC, the Warden of the USP, and two associate wardens of the USP, seeking declaratory judgment, injunctive relief, and compensatory and punitive damages. Each defendant is employed by the Federal Bureau of Prisons ("BOP") and is sued in both his individual and his official capacities. Bustillo claims that for two periods of time—the first being from November 2, 2012, to January 3, 2013, and the second commencing on June 30, 2013—he was placed in administrative segregation at the USP and that as a feature of the administrative segregation he was served with sack meals instead of the regular hot meals (claim 1). He also alleges that he is diabetic, that the defendants have suspended the meals prescribed for him at another BOP facility, and that he has been denied regular access to the law library of the administrative segregation unit (claim 2).

## II.

### A.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure,* a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pro se complaints such as that filed by Bustillo are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

Bustillo has opted for the *Bivens* path here. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Jurisdiction for such a claim is derived from 28 U.S.C. § 1331. Thus to state a *Bivens* claim the plaintiff must allege a violation of the United States Constitution or a federal statute. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987).

In the context presented here, prison officials have a duty pursuant to the Eighth Amendment to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In addition, to state a valid access-to-the-courts claim requires a plaintiff to minimally allege both that prison officials failed to help him prepare and file meaningful legal papers and that he lost a valid legal claim or defense because of the challenged conduct. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

**B.**

Applying the foregoing standards here, the court reaches the following conclusions regarding the sufficiency of the complaint:

- Claims against the defendants in their official capacities are barred by the United States' sovereign immunity and are therefore denied as legally insufficient.

- Claim 1 is dismissed because there is no allegation of conditions or mistreatment amounting to "'genuine privations and hardship over an extended period of time,'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)), or which deprived the plaintiff of basic human needs or of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord JamisonBey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir. 1989). Bustillo's preference for hot meals is not sufficient to state a constitutional deprivation. *See Hoitt v. Vitek,* 497 F.2d 598 (1st Cir. 1974)(no claim stated where complaint alleged denial of hot meals but prisoner plaintiffs were provided adequate food); *Haubrich v. MacDonald*, 2006 WL

2830174 (D.Mont. Oct. 2, 2006)("Serving sack meals during lockdowns, or providing cellmates with one hot meal and one sack lunch, does not begin to approach the gravity of a constitutional violation.").

- Claim 2 has two components and is likewise dismissed. Suspending the meals— presumably special meals in some respect--prescribed for him at another BOP facility connotes a change, but that change is not alleged to have been contrary to a current medical or religious diet and is not alleged to have endangered his health or to have been detrimental in other significant respects. The second component of claim 2 is that Bustillo has been denied regular access to the law library of the administrative segregation unit, but this allegation fails to identify any detriment, *i.e.,* that prison officials interfered with his legal materials and that the interference actually prejudiced him in his pending litigation. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)). No such claim has been identified in this case relating to the conditions of Bustillo's confinement at the USP.

### III.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. No discernible amendment could remedy this deficiency. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/12/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Fernando Bustillo
02530-051
Terre Haute United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808